UNITED STATES DISTRICT COURT
EASTERN DISTRIT OF WISCONSIN
GREEN BAY DIVISION

---

VERONICA WEATHERSPOON,

      Plaintiff,

  v.

WINNEBAGO MENTAL HEALTH
INSTITUTE and KAYLA POPE,

      Defendants.

Case No. 1:26-cv-00304

---

## COMPLAINT

---

NOW COMES Plaintiff Veronica Weatherspoon, by her attorneys, THE SULTON LAW FIRM LLC, by Attorney William F. Sulton, and files this complaint against Defendants Winnebago Mental Health Institute and Kayla Pope.

### I. Introduction

1. Plaintiff Veronica Weatherspoon, a black woman, worked as a nurse practitioner at Defendant Winnebago Mental Health Institute. During her employment, Weatherspoon was subjected to racial harassment. Weatherspoon complained to management and was terminated in retaliation. This lawsuit seeks legal redress.

## II.  The Parties

A. **The Plaintiff**

2. Plaintiff Veronica Weatherspoon ("Weatherspoon") is an adult residing in the State of Texas.

3. Weatherspoon is a black woman.

4. Weatherspoon is a licensed nurse practitioner.

B. **The Defendants**

5. Defendant Winnebago Mental Health Institute ("WMHI") is an agency of the State of Wisconsin and is located within the Eastern District of Wisconsin.

6. At all times relevant to Weatherspoon's claims, WMHI was Weatherspoon's employer for purposes of Title VII liability.

7. Defendant Kayla Pope ("Dr. Pope") is the medical director of the WMHI.

8. Dr. Pope is a white woman.

9. At all times relevant to Weatherspoon's claims, Dr. Pope was acting under color of law and within the scope of her employment as the medical director of WMHI.

10. At all times relevant to Weatherspoon's claims, Dr. Pope was the contract administrator for the State of Wisconsin, Department of Health Services' contract with LocumTenens.com LLC.

## III. Jurisdiction and Venue

11. Prior to filing this complaint, Weatherspoon filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

12. Prior to filing this complaint, the EEOC issued a Notice of Right to Sue.

13. This lawsuit is being filed within 90 days of the EEOC's Notice of Right Sue.

14. The Eastern District of Wisconsin has jurisdiction pursuant to 28 U.S.C. § 1331, as this complaint alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII").

15. The Eastern District of Wisconsin also has jurisdiction pursuant to 28 U.S.C. §§§ 1343(a)(1), (3) and (4), as this complaint seek relief under Title VII.

16. Venue in the Eastern District of Wisconsin is proper under 28 U.S.C. § 1391(b)(1), as Defendant Waukesha County is located within the district.

17. Venue in the Eastern District of Wisconsin is also proper under 28 U.S.C. § 1391(b)(2), as the events giving rise to this complaint occurred within the district.

## IV. The Facts

18. Weatherspoon is a licensed nurse practitioner.

19. On August 16, 2023, the State of Wisconsin, Department of Health Services, entered into an agreement with LocumTenens.com LLC for the

employment of mental health professionals, including nurse practitioners, for the period July 1, 2023, to June 30, 2024.

20. On August 29, 2023, Weatherspoon entered into an assignment agreement with LocumTenens.com LLC.

21. The assignment agreement provides that Weatherspoon will work at WMHI as a nurse practitioner for the period September 11, 2023, to September 12, 2024.

22. On September 25, 2023, Weatherspoon entered into a collaborative practice agreement with Dr. Pope.

23. The collaborative agreement states, in part, that "[t]he purpose of this document is to describe the scope of practice for the nurse practitioner (NP) who signs this agreement, as well as provide written authorization by the supervising physician for the NP to initiate and provide psychiatric and medical care for the consumers of Winnebago Mental Health Institute (agency)."

24. The agreement also states, "[t]he NP is authorized to provide psychiatric and medical care under this collaborative practice agreement (CPA) in all outpatient office locations of above agency, and to any contracting agencies."

25. The agreement also states, "[u]pon employment or at the beginning of the collaborative relationship, the supervising physician and NP will meet initially every week for the first 4 weeks of employment to provide education, evaluate skills, or specific case consultation."

26. Weatherspoon was subjected to racist remarks while working at WMHI.

27. On January 30, 2024, Weatherspoon complained to Abygail Gillet, the nurse manager, about the racist remarks during morning meetings.

28. On January 31, 2024, Dr. Pope met with Weatherspoon and expressed her disagreement with Weatherspoon.

29. During the meeting, Dr. Pope criticized Weatherspoon for reporting the racist remarks, telling Weatherspoon that she should have confronted the person making the remarks directly.

30. Prior to Weatherspoon's complaints about the racist remarks, there were no concerns raised about Weatherspoon's work performance.

31. Almost immediately after her complaints, Weatherspoon was subjected to false and baseless claims about her work performance.

32. On February 5, 2024, Dr. Pope informed Weatherspoon that her employment was being terminated.

33. As a direct result of WMHI's violations of Title VII, Weatherspoon suffered lost wages and benefits.

34. As a direct result of WMHI's violations of Title VII, Weatherspoon experienced emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

## V. The Claims

35. Weatherspoon incorporates here all other paragraphs in this complaint.

36. 42 U.S.C. § 2000e-2(a)(1) prohibits employers from discriminating against employees because they are black.

37. 42 U.S.C. § 2000e-3(a) prohibits employers from retaliating against employees because they complain about race-based discrimination.

38. The Fourteenth Amendment to the United States Constitution prohibits defendants from discriminating against Weatherspoon because she is black and complained about discrimination in the workplace.

39. 42 U.S.C. § 1981 prohibits Dr. Pope from discriminating against Weatherspoon because she is black and complaint about discrimination in the workplace.

40. WMHI acted contrary to Section 2000e-2(a)(1) by failing and refusing to take any reasonable steps to stop the harassment directed at Weatherspoon.

41. WMHI acted contrary to Section 2000e-3(a) by retaliating against Weatherspoon by terminating her employment.

42. Defendants acted contrary to the Fourteenth Amendment by discriminating against Weatherspoon because she is black and complained about race discrimination.

43. Dr. Pope acted contrary to Section 1981 by discriminating against Weatherspoon because she is black and terminating her employment in retaliation for Weatherspoon's complaints.

44. As a direct result of defendants' violations of Title VII, the Fourteenth Amendment and Section 1981, Weatherspoon suffered lost wages and benefits.

45. As a direct result of defendants' violations of Title VII, the Fourteenth Amendment and Section 1981, Weatherspoon experienced emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

## VI. Relief Requested

46. Weatherspoon respectfully requests that this court enter judgment for her and against each defendant, jointly and severally, and provide the following relief:

    a. An order declaring that defendants violated Weatherspoon's civil and constitutional rights.

    b. An order awarding Weatherspoon damages for lost wages and benefits in an amount to be determined by a jury.

    c. An order awarding Weatherspoon damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life in an amount to be determined by a jury.

    d. An order awarding Weatherspoon punitive damages in an amount to be determined by a jury.

    e. An order awarding Weatherspoon a tax gross-up.

f. An order awarding Weatherspoon taxable costs and disbursements.

g. An order awarding Weatherspoon attorney fees and expert fees.

h. An order awarding all necessary and further relief deemed just and equitable.

## VII. Jury Demand

47. Weatherspoon hereby demands a trial by a jury on all issues and damages.

Date: February 23, 2026.                    Respectfully submitted,

*/s/ William F. Sulton*
WILLIAM F. SULTON

THE SULTON LAW FIRM LLC
2745 N. Dr. Martin Luther King Jr. Drive
Suite 202
Milwaukee, WI 53212
414-307-4693 (direct)
414-973-8844 (fax)
william@sultonlaw.com

*Counsel for Plaintiff*