# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

VERONICA WEATHERSPOON,

      Plaintiff,

      v.                                  Case No. 26-CV-304

WISCONSIN DEPARTMENT OF HEALTH SERVICES,
and KAYLA POPE,

      Defendants.

## ORDER

On February 23, 2026, plaintiff Veronica Weatherspoon filed a complaint alleging that the Winnebago Mental Health Institute and its medical director, Kayla Pope, discriminated against her based on race and terminated her in retaliation for complaining, in violation of Title VII, the Fourteenth Amendment, and 42 U.S.C. § 1981. (ECF No. 1.) The defendants filed a motion to dismiss the complaint. (ECF No. 8.) Weatherspoon then filed an amended complaint (ECF No. 10) and a brief in opposition to the motion to dismiss, summarily arguing that her amended complaint mooted the motion (ECF No. 11).

Weatherspoon's amended complaint still asserts racial discrimination and retaliation claims under Title VII, the Fourteenth Amendment, and section 1981 but no longer names Winnebago Mental Health Institute as a defendant and instead names the Wisconsin Department of Health Services in addition to Pope. (ECF No. 10.)

On May 28, 2026, the defendants filed a motion to dismiss in part Weatherspoon's first amended complaint. (ECF No. 12.) Weatherspoon has not responded to the motion, and the timeline to do so has expired. *See* Civ. L.R. 7(b) (E.D. Wis.). All parties have consented to the full jurisdiction of this court pursuant to 28 U.S.C. § 636(c). (ECF Nos. 3, 6, 16.)

When a complaint "fail[s] to state a claim upon which relief can be granted," a defendant may move to dismiss it. Fed. R. Civ. P. 12(b)(6). A motion to dismiss challenges not the merits of the suit but the sufficiency of the complaint. *Five Star Airport Alliance, Inc. v. Milwaukee Cnty.*, 939 F. Supp. 2d 936, 937 (E.D. Wis. 2013) (citing *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990)). To avoid dismissal, a complaint must contain allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court presumes that all of Weatherspoon's allegations are true and will draw all

2

reasonable inferences in her favor. *See Suesz v. Med-1 Sols., LLC*, 757 F.3d 636, 638 (7th Cir. 2014).

The defendants argue that Weatherspoon's claims under the Fourteenth Amendment and section 1981 against the Wisconsin DHS and Pope are barred by the Eleventh Amendment. (ECF No. 13 at 1.) The Eleventh Amendment bars a citizen from suing a state (and its agencies and state officials acting in their official capacity) in federal court unless the state waived sovereign immunity, Congress abrogated the immunity, or the plaintiff "seeks prospective equitable relief for ongoing violations of federal law…under the *Ex Parte Young* doctrine." *Sonnleitner v. York*, 304 F.3d 704, 717 (7th Cir. 2002). "[T]his bar applies with full force to claims under § 1981." *Haynes v. Indiana Univ.*, 902 F.3d 724, 731 (7th Cir. 2018).

Weatherspoon has not responded with any authority establishing that one of these exceptions to Wisconsin's sovereign immunity applies here, nor is this court aware of any such authority. To the contrary, courts routinely dismiss similar claims against state agencies. *See Kelsay v. Wisconsin State Pub. Def.*, No. 20-CV-1712-PP, 2022 WL 889389, at *5 (E.D. Wis. Mar. 25, 2022) (granting state agency defendant's motion to dismiss claims under the Americans with Disabilities Act and section 1981 based on Eleventh Amendment immunity). Accordingly, Weatherspoon's claims against the Wisconsin DHS under the Fourteenth Amendment and section 1981 are constitutionally barred.

"[S]tate officials in their official capacities are also immune from suit under the Eleventh Amendment." *Joseph v. Bd. of Regents of Univ. of Wisconsin Sys.*, 432 F.3d 746, 748 (7th Cir. 2005) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989) (observing that a suit against a state official in her or his official capacity "is no different from a suit against the State itself"). Sovereign immunity also "bars individual-capacity claims for damages whenever '[t]he money will flow from the state treasury to the plaintiff.'" *Haynes*, 902 F.3d at 732.

Weatherspoon's claims for lost wages, benefits, punitive, and other monetary damages against Pope effectively seek compensation based on a state employment relationship. Therefore, Weatherspoon's claims against Pope in her official and individual capacities are barred by the Eleventh Amendment. *See Haynes*, 902 F.3d at 731–32. ("A plaintiff cannot bring a claim for damages against state personnel in their official capacities. Neither can he seek monetary relief from state employees in their individual capacities if the suit 'demonstrably has the identical effect as a suit against the state.'"); *see also Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003) (finding it "so inescapable that any resulting judgment will be paid by the state rather than the individual defendants that this bears no resemblance to a bona fide individual capacity suit" in action for backpay and other money damages against state agency supervisors).

The defendants also move to dismiss Weatherspoon's claim for punitive damages. (ECF No. 13 at 9.) Weatherspoon's Title VII claims against the Wisconsin DHS are the

4

only ones remaining after the aforementioned dismissals. (*See* ECF No. 10, ¶¶ 42–43.) Title VII "provides that punitive damages are not available against governmental entities." *Baker v. Runyon*, 114 F.3d 668, 671 (7th Cir. 1997). Under 42 U.S.C. § 1981a(b)(1), "[a] complaining party may recover punitive damages … against a respondent (other than a government, government agency or political subdivision)…." Therefore, Weatherspoon has no basis for seeking punitive damages. *See Passananti v. Cook Cty.*, 689 F.3d 655, 677 (7th Cir. 2012) (finding Sheriff's Department could be held liable for employee's sexual harassment under Title VII but it cannot be held liable for punitive damages).

**IT IS THEREFORE ORDERED** that the defendants' partial motion to dismiss the first amended complaint (ECF No. 12) is **granted**. Weatherspoon's claims under the Fourteenth Amendment and section 1981, and her request for punitive damages, are hereby dismissed. Because the remaining Title VII claims only implicate the Wisconsin DHS, the Clerk of Court shall dismiss Kayla Pope as a defendant to this action. The Clerk shall also schedule a Rule 16 scheduling conference.

**IT IS FURTHER ORDERED** that the defendants' motion to dismiss the original complaint (ECF No. 8) is **denied as moot**.

Dated at Milwaukee, Wisconsin this 28th day of July, 2026.

WILLIAM E. DUFFIN
U.S. Magistrate Judge